UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYCE ANTHONY JACKSON,

                Plaintiff,

     v.

STEPHEN WELBORN, et al,

                Defendant.

CASE NO. 3:22-cv-05711-RAJ-BAT

**REPORT AND RECOMMENDATION**

       Plaintiff, a detainee at the Washington State Penitentiary at Walla Walla, seeks 42 U.S.C. § 1983 relief against the following Defendants at Clark County Jail: Stephen Welborn, Robert Hanks, Bryan Edmiston, Brock Hood, and Mindy Rothenberger. Dkt. 5. By separate order, the Court has granted Plaintiff's application to proceed *in forma pauperis*.

       The Court must screen a prisoner's complaint seeking relief against state actors and must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(a) and (b)(1), (2). Plaintiff's complaint fails to state a claim upon which § 1983 relief may be granted. As no amendment would cure this deficient complaint, the Court recommends Plaintiff not be granted leave to amend and the complaint be dismissed with prejudice.

REPORT AND RECOMMENDATION - 1

1  The complaint in Count I alleges on February 17, 2021 Clark County Jail officials falsely accused Plaintiff of spitting on Officer Welborn. Officer Hanks did not advise Plaintiff he was being investigated for a crime, did not issue Miranda warning, and did not interview Plaintiff. Law enforcement was not notified, no photos or video was collected, and no statements were taken other than Officer Rothenberger's statement. The alleged spitting led to the filing of criminal charges as Plaintiff claims he did not grieve this matter because he did not know about Defendants' action until he appeared in state criminal court to face charges.

In Count II, Plaintiff alleges the "9th constitutional bill of right" was violated because Defendants' actions of "illegitimately conducting a criminal investigation," and in Count III Plaintiff alleges the "8th constitutional bill of rights" was violated because the probable cause standard was not satisfied. As relief Plaintiff seeks 3 million dollars in damages.

Plaintiff's claims that he was charged with a crime and convicted based upon Defendants' actions fails. A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

REPORT AND RECOMMENDATION - 2

Here, Plaintiff alleges Defendants' actions led to criminal charges, and ostensibly his criminal conviction as Plaintiff is now serving a sentence at the state penitentiary in Walla Walla. Plaintiff cannot pursue a § 1983 action unless his convictions have been reversed or vacated. affirmed. The Court also notes Plaintiff's claim Defendants failed to read Miranda rights is not a basis for § 1983 relief. In *Vega v. Tekoh*, 142 S. Ct. 2095 (2022), the Supreme Court held a *Miranda* violation is not a basis to sue for damages under § 1983.

As Plaintiff's claims are barred under *Heck* and *Vega,* the Court recommends the complaint be dismissed without prejudice at this juncture because granting leave to amend would be futile.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 13, 2022.**  The Clerk should note the matter for **October 14, 2022**, as ready for the District Judge's The failure to timely object may affect the right to appeal.

DATED this 29th day of September, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3