HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYCE ANTHONY JACKSON,

    Plaintiff,

    v.

STEPHEN WELBORN, et al.,

    Defendants.

Case No. 3:22-cv-5711-RAJ

**ORDER ADOPTING REPORT AND RECOMMENDATION**

## I. INTRODUCTION

The Court, having reviewed the Report and Recommendation of the assigned, United States Magistrate Judge, objections to the report and recommendation, if any, and the remaining record, does hereby find and ORDER the Report and Recommendation be **GRANTED** in part and **MODIFIED** in part.

## II. BACKGROUND

Plaintiff, a *pro se* prisoner, brings a complaint against several jailers at the Clark County Jail. The Complaint alleges that on February 17, 2021, Clark County Jail officials falsely accused Plaintiff of spitting on one of its jailers, Officer Welborn. Dkt. # 5 at 5-6. Plaintiff alleges that a different jailer, Officer Hanks, did not advise Plaintiff he was being investigated for a crime, did not issue *Miranda* warning, and did not interview him. *Id.* at 6. Plaintiff further alleges Defendants did not collect photos or videos, and no statements were taken other than one officer's statement. *Id.* The alleged spitting led to

ORDER – 1

the filing of criminal charges. *Id.* Plaintiff claims he did not grieve this matter because he did not know about Defendants' action until he appeared in state criminal court to face charges. *Id.*

Plaintiff brings claims under the Fifth, Eighth, and Ninth Amendments. As relief Plaintiff seeks 3 million dollars in damages. Finding that *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) barred Plaintiff's claims, Judge Tsuchida recommended dismissal of the complaint. *See* Dkt. # 6.

In his objections, Plaintiff argues that his claims are not barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which precludes suit under section 1983 where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *See* Dkt. # 8. Plaintiff claims that he is not complaining about the validity of his underlying conviction, but about a separate charge in Clark County Superior Court (Case Number Case Number 21-1-00392-06) that was ultimately dismissed. *Id.* at 1. The Court takes judicial notice of the docket sheet in Plaintiff's prosecution. *See* https://odysseyportal.courts.wa.gov/ODYPORTAL/Home/Dashboard/29 (searching "Jackson, Bryce Anthony," then selecting Case Number 21-1-00392-06); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of ... documents on file in federal or state courts." (citation omitted)). The docket shows that a custodial assault charge was filed by the Clark County Prosecuting Attorney on February 19, 2021.

### III.     LEGAL STANDARD

District courts must dismiss a prisoner civil rights complaint, or any portion thereof, seeking redress against a governmental entity or officer or employee of a governmental entity "at any time" it is determined the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This provision clearly applies to this complaint because the non-conclusory allegations establish all of the

ORDER – 2

named defendants are either governmental entities or officers or employees of a governmental entity.

A prisoner civil rights complaint may also be dismissed *sua sponte* "if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(l). Such a complaint may be dismissed "without first requiring the exhaustion of administrative remedies" if its face discloses that it is subject to dismissal on any of the aforementioned four grounds enumerated in § 1915A. § 1997e(c)(2).

### III. DISCUSSION

For purposes of this Order, the Court considers the Plaintiff's objection that *Heck* does not bar his claims under Fifth, Eighth, and Ninth Amendment. For the reasons below, Plaintiff's claims still fail. The Court modifies the Report and Recommendation to include the reasoning below.

**A. Fifth Amendment claim**

Plaintiff seeks relief under the Fifth Amendment for due process. Dkt. # 5 at 5-6. However, "the Fifth Amendment's due process clause only applies to the federal government," *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Additionally, there are no allegations in the Complaint that implicate the Fifth Amendment guarantee that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amendment V. Plaintiff's allegations against Washington state officers most style as a claim for procedural due process under the Fourteenth Amendment, or as a claim for unlawful or false arrest under the Fourth Amendment. Accordingly, the Court will analyze those claims.

**1. Due process under the Fourteenth Amendment**

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S.

ORDER – 3

Const. amend. XIV, § 1. Plaintiff questions the officers' investigatory methods and their failure to give him a *Miranda* warning. He also claims that custodial officers are not legally able to arrest or submit affidavits of probable cause for an arrest. *Id.* at 7. Plaintiff also states that he was falsely accused of spitting on Officer Welborn.

There are several issues with Plaintiff's due process claim. First, there is no constitutional right to an investigation. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Second, Miranda *warnings* are prophylactic in nature and are "not themselves rights protected by the Constitution." *Michigan v. Tucker*, 417 U.S. 433, 444 (1974). Instead, *Miranda* warnings are "measures to ensure that the right against compulsory self-incrimination [is] protected." *Id.* As for the alleged false accusations, Plaintiff fails to show either "direct evidence of fabrication" or "circumstantial evidence related to a defendant's motive." *Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1112 (9th Cir. 2018). Moreover, the facts alleged are insufficient for the court to reasonably infer that Defendants lacked a valid probable cause to arrest Plaintiff.

### 2. False arrest under the Fourth Amendment

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 918 (9th Cir. 2012) (internal quotation marks and citation omitted); *see Manuel v. City of Joliet*, 580 U.S. 357, 364 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause.")

As indicated in the previous section, Plaintiff's allegations are insufficient for the court to reasonably infer that Defendants lacked a valid probable cause to arrest plaintiff. Furthermore, a false arrest claim in this case hinges on some conspiracy or connection between Defendants and the Clark County Prosecutor's Office, but plaintiff sets forth no facts suggesting a conspiracy to arrest and detain Plaintiff, or that the prosecutor failed to exercise independent judgment. *See Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981)

ORDER – 4

(holding that the "filing of a criminal complaint immunizes investigating officers ... from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time.").

### B. Eighth Amendment claim

The Eighth Amendment's "Excessive Bail Clause prevents the imposition of bail conditions that are excessive in light of valid interests the state seeks to protect by offering bail." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007). Bail is considered excessive if set at a figure higher than an amount reasonably calculated to achieve the government's valid interests. *Id*. at 660 (citing *United States v. Salerno*, 481 U.S. 739, 754 (1987); *Stack v. Boyle*, 342 U.S. 1, 3 (1951)). Plaintiff alleges his constitutional rights were violated by excessive bail set by the trial court in his criminal matter. Dkt. # 1-2 at 6.

To prevail on a § 1983 claim, a plaintiff must show the putative governmental interest is not valid or "bail was excessive in light of the purpose for which it was set." *Galen*, 477 F.3d at 661. In addition, the plaintiff must demonstrate the defendants were the "actual and proximate cause of his bail enhancement." *Id*. at 663. Plaintiff's excessive bail claim here is conclusory and provides no facts regarding the setting of his bail. In particular, plaintiff alleges no facts showing the named defendant caused his bail to be excessive. *Id.* (Law enforcement officers can be held liable for excessive bail "only if they prevented the [judicial officer] from exercising his independent judgment."). Additionally, Plaintiff alleges no facts regarding any of the relevant factors that would be considered in setting his bail, or what, if any, findings were made by the judicial officer in setting his bail. *See* CrRLJ 3.2(a) & CRr 3.2 (addressing conditions that may be imposed and factors considered in setting bail under Washington law).

### C. Ninth Amendment claim

The Ninth Amendment "has never been recognized as independently securing any

ORDER – 5

constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). Accordingly, Plaintiff's claim for a Ninth Amendment violation will be dismissed.

## V.     CONCLUSION

Having reviewed the Report and Recommendation of the assigned United States Magistrate Judge, any objections, and the remaining record, the Court finds and ORDERS:

(1) The Court **ADOPTS** the Report and Recommendation in part as to the dismissal of the complaint and **MODIFIED** to include the reasoning set forth herein.

(2) The complaint is dismissed without prejudice.

(3) The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

DATED this 27th day of April, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 6