HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

BRYCE ANTHONY JACKSON,

    Plaintiff,

v.

STEPHEN WELBORN, *et al.*,

    Defendants.

Case No. 3:22-cv-5711-RAJ

**ORDER**

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motions to Amend. Dkt. ## 13, 14, 15, 16. For the reasons below, the motions are **DENIED**.

## II.    BACKGROUND

The facts of this case are set forth in greater detail in a previous Order issued by the Court. Dkt. ## 6, 12. Those facts will not be repeated and are incorporated in this Order. As relevant here, the Court dismissed Plaintiff's complaint finding that he failed to state a claim under the Fifth, Eighth, and Ninth Amendments. Plaintiff has filed various "motions to amend," which object to the Court's reasoning for dismissing the complaint. Dkt. ## 13, 14, 15, 16. Accordingly, the Court construes these as motions for reconsideration.

## III.    DISCUSSION

Motions for reconsideration are disfavored under the Local Rules for the Western

ORDER – 1

District of Washington. *See* LCR 7(h)(1). Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied. *Id.* Motions for reconsideration must be filed within fourteen (14) days of the order on which the motion is based. LCR 7(h)(2).

While a previous order can be reconsidered and amended under Rule 59(e), the rule offers an "extraordinary remedy" to be used sparingly. A motion to reconsider "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); Fed. R. Civ. P. 59. Rule 60(b) allows a party to seek relief from an order under a "limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Harvest v. Castro*, 531 F.3d 737, 744 (9th Cir. 2008); Fed. R. Civ. P. 60(b).

Plaintiff appears to believe that the orders are inherently erroneous and ignore facts that he previously raised. *Id.* This is not a basis for reconsideration because it merely rehashes prior arguments. The Complaint, having been dismissed without prejudice, does not preclude Plaintiff from restating his claims with additional details and facts. As Plaintiff provides no basis for reconsideration, the motions are **DENIED**. Dkt. ## 13, 14, 15, 16.

DATED this 12th day of June, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 2